```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,       )
-vs-                           )
                               )
ABRAHAM BROWN, KENNETH TAYLOR, )  Case No. 12 CR 632
ALFRED WASHINGTON and          )
CHRISTOPHER DAVIS,             )  Chicago, Illinois
                               )  August 2, 2016
              Defendants.      )  9:58 a.m.
-------------------------------)
UNITED STATES OF AMERICA,      )
              Plaintiff,       )  Case No. 12 CR 887
-vs-                           )
                               )
ANTONIO WILLIAMS and JOHN T.   )
HUMMONS,                       )
              Defendants.      )
```

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE CHIEF JUDGE RUBEN CASTILLO

APPEARANCES:

For the Government:    HON. ZACHARY T. FARDON
                       UNITED STATES ATTORNEY
                       BY: MR. MARC KRICKBAUM
                       219 S. Dearborn Street
                       Chicago, IL 60604
                       (312) 353-5300
                       E-mail: Marc.krickbaum@usdoj.gov


Court Reporter:

           KATHLEEN M. FENNELL, CSR, RPR, RMR, FCRR
                     Official Court Reporter
                    United States District Court
           219 South Dearborn Street, Suite 2524-A
                      Chicago, Illinois 60604
                     Telephone: (312) 435-5569
                Kathleen_Fennell@ilnd.uscourts.gov

```
 1  APPEARANCES:  (Continued)

 2  For Defendants Washington
    And Hummons:
 3                        MR. STEVEN SALTZMAN
                          200 South Michigan Avenue
 4                        Suite 201
                          Chicago, IL  60604
 5                        (312) 427-4500
                          E-mail:  Saltzcases@gmail.com
 6
                          MS. ALISON MARLOWE SIEGLER
 7                        MS. JUDITH POLA MILLER
                          Mandell Legal Aid Clinic
 8                        University of Chicago Law School
                          6020 S. University Avenue
 9                        Chicago, IL  60637
                          (773) 834-1680
10                        E-mail:  Alisonsiegler@uchicago.edu
                                   Jpmiller@uchicago.edu
11
    For Defendant Brown:  MS. CANDACE R. JACKSON
12                        Federal Defender Program
                          55 East Monroe Street
13                        Suite 2800
                          Chicago, IL  60603
14                        (312) 621-8343
                          E-mail:  Candace_Jackson@fd.org
15
    For Defendant Taylor: MS. CANDACE R. JACKSON
16                        (Standing in for Michael Falconer)
                          Federal Defender Program
17                        55 East Monroe Street
                          Suite 2800
18                        Chicago, IL  60603
                          (312) 621-8343
19                        E-mail:  Candace_Jackson@fd.org

20  For Defendant Davis:  MS. CANDACE R. JACKSON
                          (Standing in for Gerardo Gutierrez)
21                        Federal Defender Program
                          55 East Monroe Street
22                        Suite 2800
                          Chicago, IL  60603
23                        (312) 621-8343
                          E-mail:  Candace_Jackson@fd.org  MR.
24

25
```

1 | APPEARANCES: (Continued)

2 | For Defendant
  | Williams:                MR. PAUL FLYNN
3 |                          Federal Defender Program
  |                          55 East Monroe Street
4 |                          Suite 2800
  |                          Chicago, IL  60603
5 |                          E-mail:  Paul_Flynn@fd.org

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1 | APPEARANCES: (Continued)

```
                    (Proceedings heard in open court:)
                    THE CLERK:  12 CR 632, United States versus Abraham
Brown, Kenneth Taylor, Alfred Washington and Christopher
Davis, and 12 CR 887, United States versus Antonio Williams
and John Hummons.
                    THE COURT:  Good morning.
                    MR. KRICKBAUM:  Good morning, your Honor.  Marc
Krickbaum on behalf of the United States.
                    MS. SIEGLER:  Good morning, your Honor.  Alison
Siegler and Judith Miller appearing on behalf of Mr. Hummons
and Mr. Washington.
                    MR. SALTZMAN:  Good morning, Judge.  Steven Saltzman
on behalf of Mr. Hummons.
                    THE COURT:  Good morning.
                    MS. JACKSON:  Good morning, Judge.  Candace Jackson,
Federal Defender Program, for Abraham Brown, who we asked to
waive his appearance, and also standing in for Mike Falconer
who represents Kenneth Taylor and standing in for Gerardo
Gutierrez who represents Christopher Davis.
                    MR. SALTZMAN:  And I would ask that Mr. Hummons's
appearance be waived as well, Judge.
                    THE COURT:  It will be.
                    MS. SIEGLER:  And Mr. Washington's as well, your
Honor.
                    THE COURT:  It will be.
```

|   |   |
|---|---|
| 09:59:34 | |
| 09:59:47 | |
| 10:00:13 | |
| 10:00:31 | |

1  MS. SIEGLER:  And we will be standing in for
2  Mr. Flynn who represents Mr. Williams.
3  THE COURT:  He's coming right behind you.
4  MR. FLYNN:  Paul Flynn on behalf of --
5  THE COURT:  Dramatic entrance, Mr. Flynn.
6  MR. FLYNN:  Sorry, your Honor.
7  THE COURT:  I didn't think I would see you this soon,
8  and I thought we had a very organized plan, and I could see
9  we're going a little off track at this point.
10  So this is defense motion.  I've read it.  Does the
11  government want to say anything?
12  MR. KRICKBAUM:  Yes, Judge.
13  I actually don't think we're going off track, and I
14  actually think --
15  THE COURT:  Okay.
16  MR. KRICKBAUM:  -- the differences between us at this
17  point may be less than they appear.  I'll obviously let
18  Ms. Siegler correct me if I get this wrong.
19  Bottom line, our suggestion for this motion is that
20  the Court enter and continue it.  We don't think it presents
21  any issues the Court needs to decide today, and our further
22  suggestion is that the Court follow the path that Judge St.
23  Eve has chosen in her pending case, and I'm happy to lay out
24  what that is and how we got here.
25  THE COURT:  Okay.

10:00:45

1  MR. KRICKBAUM:  On June 9th, which was the same week
2  we last appeared before your Honor, we appeared before Judge
3  St. Eve in her pending case, and we offered the same proposed
4  order that your Honor or a similar one to the one your Honor
5  signed.
6          THE COURT:  Right.
7          MR. KRICKBAUM:  At that time, Judge St. Eve asked the
8  government, and this was an issue she'd been asking about for
9  some time, does the government intend to file a *Daubert*

10:00:56

10 motion, in what cases -- in which of these pending cases, and
11 when?  And she instructed us to report back to her on
12 July 29th and to give an answer to those questions.  That was
13 last Friday.
14         THE COURT:  So is it the government's position, just

10:01:11

15 to follow up on just that part of it, that these *Daubert*
16 motions are only going to be filed in certain cases and not in
17 others?
18         MR. KRICKBAUM:  No.
19         THE COURT:  Okay.

10:01:20

20         MR. KRICKBAUM:  That's not our position.
21         THE COURT:  Because that to me would not make any
22 sense.  I do want to say it doesn't surprise me that *Daubert*
23 and its analysis and its progeny would be raised.  It doesn't
24 surprise me.

10:01:35

25         It doesn't surprise me any time any expert testimony

1 is given in federal court on any issue, whether it be criminal
2 law or civil. So the *Daubert* aspect of it is not surprising
3 to me. It's the timing of it and the fact that this was
4 never, ever mentioned, even though it seems that most of the
5 courts here in this building have adopted this uniform
6 briefing schedule that we were all on.
7 But keep going.
8 MR. KRICKBAUM: Well, and, Judge, it wasn't mentioned
9 because at the time that Judge St. Eve asked us that question
10 in early June, we hadn't made a decision about the answers to
11 any of the questions she posed.
12 THE COURT: Okay.
13 MR. KRICKBAUM: And since she asked --
14 THE COURT: Has she agreed to a separate *Daubert*
15 filing?
16 MR. KRICKBAUM: Yes. We are filing in front of her
17 this Friday, August 5th, and what she -- the defense was not
18 happy about us filing that, but what they said in her case is
19 that they did not want to alter the deadline for their motion
20 to dismiss, which is fine with the government. So they still
21 want to file their motion to dismiss in her case on
22 September 9th. We have no problem with that.
23 They -- what Judge St. Eve has done, and we think
24 this is sensible, is schedule -- she scheduled a status for
25 August 11th. I think if we were going to do that in this

1  case, it would need to be later in August for reasons we can
2  talk about, but after the Court and the defense has had a
3  chance to see our motion, to have a status and talk about a
4  briefing schedule and a path forward on the *Daubert* motion.
5  But at least in Judge St. Eve's case, the *Daubert*
6  motion, at the defense's request, is not going to affect the
7  timing of the defense motion to dismiss. And we think we can
8  do something similar here.
9  And let me make just a final point on this issue of
10  timing and explain why it's of some significance to the
11  government.
12  So this Court has had the Fagan report, I think,
13  since May or roughly then, a couple of months, and the defense
14  has provided this report to every judge in this building who
15  has these pending cases. We know that the report is going to
16  be a central piece of evidence in the forthcoming motion to
17  dismiss. That's why we waited for months to get it in the
18  first place.
19  We -- since Judge St. Eve asked us those questions
20  about *Daubert*, we have made a determination within our office
21  that our objections to the report go to the very core of
22  what -- of the analysis in the report, such that they make the
23  entire report both irrelevant and unreliable and inadmissible
24  under Rule 702. We are prepared to present those arguments to
25  the Court now.

| | | |
|---|---|---|
| | 1 | Once we present them, the Court has a wide discretion |
| | 2 | as to how to handle a briefing schedule and so on, and we |
| | 3 | don't think we need to decide that today. In fact, we don't |
| | 4 | think it makes sense to decide that until we file the motion; |
| 10:04:37 | 5 | but we do think that we are entitled to challenge a piece of |
| | 6 | evidence that's been sitting on the desk of 11 or 12 judges in |
| | 7 | this district for weeks now and that we believe is |
| | 8 | fundamentally flawed, and we would like an opportunity to |
| | 9 | present that challenge. |
| 10:04:49 | 10 | And once we've presented it, I think everyone will be |
| | 11 | in a better position to talk about the path forward, but I |
| | 12 | should add it does not appear that it's going to affect the |
| | 13 | September 9th deadline, although Ms. Siegler can -- I don't |
| | 14 | want to put words in her mouth on that. |
| 10:05:06 | 15 | THE COURT: Okay. |
| | 16 | MS. SIEGLER: Your Honor, I think it's not entirely |
| | 17 | accurate that it definitively will not affect the deadline. |
| | 18 | Let me just explain. |
| | 19 | We obviously need an opportunity to review the |
| 10:05:17 | 20 | government's motion and determine how best to respond to it. |
| | 21 | I expect we will want to file some kind of stand-alone |
| | 22 | response to that motion, which I just don't see how we can |
| | 23 | possibly turn to that until after we've met the already |
| | 24 | scheduled deadlines in these 11 cases that are set for |
| 10:05:32 | 25 | September and October. |

1  I suppose it's possible, your Honor, that we would
2  want to incorporate our response to their *Daubert* challenge
3  into our motion to dismiss. Again, I can't know that until I
4  see it.
5  That's the only circumstance in which I could see
6  needing any kind of extension from the September 9th deadline.
7  I think that's probably pretty unlikely, your Honor. I think
8  more likely we would want to wait and file separately in
9  response.
10  But it has kind of thrown things into a bit of
11  disarray, and I don't want to say it definitively doesn't
12  change anything because I have to see their motion, I think,
13  to know what the best way forward is for us to respond.
14  THE COURT: Well, I would tell you, this is my view,
15  and I'm not -- I never have dictated to my fellow judges what
16  to do in these related cases. I understand each one has
17  discretion to proceed as they wanted to, nor have I tried to
18  use the happenstance that I happen to be the Chief Judge to
19  try and dictate. I know better than that. I think that comes
20  with experience.
21  But my view is I agree with the defense that a
22  contextual evaluation is necessary to proceed with a *Daubert*
23  challenge because one of the elements of Rule 702 is fit, so
24  how can there be any kind of analysis of the fit without
25  seeing how the defense is using Dr. Fagan's report to make its

1  motion.

2  So this is all to tell you in the organized way of
3  proceeding, my view would be to let the defense proceed with
4  its filing and then the government would be free, it seems
5  like you already are ready to file this *Daubert* motion
6  regardless of a fit analysis, to make it part of your response
7  to their motion, and then the defense would then reply and we
8  would be all set and there wouldn't be any delay.

9  Now, having said that, I premise that with that's my
10 preference. I can't stop you from filing a *Daubert* motion, if
11 that's the way you want to litigate, on August 5th. But what
12 I can stop you from and I will stop you from is modifying that
13 *Daubert* motion once we're into the briefing.

14 So if all of a sudden this motion to dismiss turns
15 out different, that's the risk you're taking because you have
16 decided prematurely to just come out with this shield from
17 Dr. Fagan in this what I consider to be a premature *Daubert*
18 motion.

19 I don't see that we're going to delay this case any
20 further by allowing you a second *Daubert* shot. I think it's
21 within my discretion to prevent that, so that's the risk I
22 think the government has taken. And having said that, you're
23 free to file whatever you want whenever you want. I can't
24 stop you from doing that, you know. That would be
25 inappropriate on my part. All I can tell you is I thought we

1 had an organized way of proceeding, and you could easily have
2 made this *Daubert* part -- defense part of your response.
3 　　　　So I just don't understand why there is all of a
4 sudden a sudden need. As you say, this report has been out
10:09:21　5 since May. It almost seemed like this is being prompted by
6 Judge St. Eve's concerns, and I know she's not trying to be
7 the second prosecutor in her courtroom, but, you know, *Daubert*
8 is something that all our judges think about all the time
9 because that's just the way litigation proceeds nowadays.
10:09:44　10 　　　　So that's all I can say. Where is that going to
11 leave us? It seems like the government is going to want a
12 status after this filing occurs.
13 　　　　MR. KRICKBAUM: So I guess a couple things, Judge.
14 First, I just want to be clear that I was accurate with the
10:10:02　15 Court.
16 　　　　The reason this question was raised was simply
17 because Judge St. Eve asked us whether we were going to do it.
18 I don't think she was prompting it or --
19 　　　　THE COURT: No, but what I'm hearing is that this all
10:10:11　20 of a sudden has the government thinking about this, and then
21 it's like even that, that was a status on June 9th.
22 　　　　MR. KRICKBAUM: Yes.
23 　　　　THE COURT: You know, this -- let me just remind you
24 today is August 2nd, so, you know, it seems like almost two
10:10:27　25 months went by, and now there's this feeling that we are going

|     |     |
| --- | --- |
|            | 1  to proceed. |
|            | 2  MR. KRICKBAUM: Well, and I don't want to argue with |
|            | 3  the Court. She asked us to report back on July 29th, and |
|            | 4  that's what we did, your Honor. |
| 10:10:39   | 5  But I understand, I understand the Court's view about |
|            | 6  procedurally how this should go in an organized manner. I |
|            | 7  fully understand what the Court has said this morning, and we |
|            | 8  will discuss it within our office and make a decision about |
|            | 9  what to do. |
| 10:10:55   | 10 THE COURT: That's all I can hope for. You know, |
|            | 11 that's all I will tell you because I think we had an organized |
|            | 12 way of proceeding, you know, down the road. We need to think |
|            | 13 about how this is all going to play out. I would hate to see |
|            | 14 ten different *Daubert* analyses by ten different judges. It |
| 10:11:16   | 15 seems like that's where we're headed. |
|            | 16 MR. KRICKBAUM: So, Judge, I want to cover this now |
|            | 17 while we're before the Court. If we were to file this motion, |
|            | 18 our proposal, I think it's agreed, is that we would file it |
|            | 19 under seal. I think the defense agrees with that, so -- |
| 10:11:35   | 20 MS. SIEGLER: We do, your Honor. |
|            | 21 THE COURT: Okay. |
|            | 22 MS. SIEGLER: As an initial matter, them filing it |
|            | 23 under seal. I think the understanding is that then when we |
|            | 24 file our motion, both motions are unsealed; is that correct? |
| 10:11:44   | 25 MR. KRICKBAUM: Yes. |

---

13

to proceed.

MR. KRICKBAUM: Well, and I don't want to argue with the Court. She asked us to report back on July 29th, and that's what we did, your Honor.

But I understand, I understand the Court's view about procedurally how this should go in an organized manner. I fully understand what the Court has said this morning, and we will discuss it within our office and make a decision about what to do.

THE COURT: That's all I can hope for. You know, that's all I will tell you because I think we had an organized way of proceeding, you know, down the road. We need to think about how this is all going to play out. I would hate to see ten different *Daubert* analyses by ten different judges. It seems like that's where we're headed.

MR. KRICKBAUM: So, Judge, I want to cover this now while we're before the Court. If we were to file this motion, our proposal, I think it's agreed, is that we would file it under seal. I think the defense agrees with that, so --

MS. SIEGLER: We do, your Honor.

THE COURT: Okay.

MS. SIEGLER: As an initial matter, them filing it under seal. I think the understanding is that then when we file our motion, both motions are unsealed; is that correct?

MR. KRICKBAUM: Yes.

|    |    |    |
|----|----|----|
| | 1 | MS. SIEGLER: So that on September 9th, your Honor, |
| | 2 | everything comes into the public record. |
| | 3 | MR. KRICKBAUM: If we have filed this *Daubert* motion. |
| | 4 | MS. SIEGLER: If they filed it in advance. |
| 10:11:53 | 5 | THE COURT: Okay. |
| | 6 | MR. SALTZMAN: And, Judge, it's my understanding, |
| | 7 | given that some of us are going to be away, that if this is |
| | 8 | filed, say, in this case August 5th, that it will be set up |
| | 9 | for a status after we've returned -- |
| 10:12:03 | 10 | THE COURT: Sure. |
| | 11 | MR. SALTZMAN: -- so there won't be a problem with |
| | 12 | that. |
| | 13 | MR. KRICKBAUM: Yes. We've talked about defense |
| | 14 | counsel's schedule. |
| 10:12:09 | 15 | THE COURT: So status in, like, late August. |
| | 16 | MR. KRICKBAUM: Yes, your Honor. |
| | 17 | THE COURT: Okay. |
| | 18 | MS. SIEGLER: Perhaps, your Honor, August 29th? |
| | 19 | THE COURT: We could set that. |
| 10:12:19 | 20 | THE CLERK: That is a Monday. |
| | 21 | THE COURT: Monday? |
| | 22 | MS. SIEGLER: Or 30th. |
| | 23 | THE COURT: We can make it 10:00. |
| | 24 | MR. SALTZMAN: The 29th, Judge? |
| 10:12:27 | 25 | THE COURT: Uh-huh. |

|          |    |                                                                       |
|----------|----|-----------------------------------------------------------------------|
|          | 1  | MS. SIEGLER: Thank you, your Honor.                                   |
|          | 2  | MR. KRICKBAUM: Judge, if we have not filed a *Daubert*                |
|          | 3  | motion by then, I think we will have nothing to talk about on         |
|          | 4  | the 29th.                                                             |
| 10:12:37 | 5  | THE COURT: Then you can --                                            |
|          | 6  | MR. KRICKBAUM: So, I just -- again --                                 |
|          | 7  | THE COURT: I will tell you, if nothing is filed,                      |
|          | 8  | then we will automatically vacate that status. We already             |
|          | 9  | have a game plan before all this arose, so we'll stick to the         |
| 10:12:52 | 10 | initial game plan. If it does get filed, then we will have            |
|          | 11 | the status.                                                           |
|          | 12 | MR. KRICKBAUM: Yes, your Honor.                                       |
|          | 13 | MR. SALTZMAN: Thank you, Judge.                                       |
|          | 14 | MR. KRICKBAUM: Thank you, Judge.                                      |
| 10:12:59 | 15 | MS. SIEGLER: Thank you, your Honor.                                   |
|          | 16 | THE COURT: Take care.                                                 |
|          | 17 | (Which were all the proceedings heard.)                               |
|          | 18 | CERTIFICATE                                                           |
|          | 19 | I certify that the foregoing is a correct transcript from             |
|          | 20 | the record of proceedings in the above-entitled matter.               |
|          | 21 | */s/Kathleen M. Fennell*         *August 8, 2016*                     |
|          | 22 |                                                                       |
|          | 23 | Kathleen M. Fennell                Date<br>Official Court Reporter    |
|          | 24 |                                                                       |
|          | 25 |                                                                       |